MELISSA GROSS *v.* CATHARINE SHEELER, Administratrix, d. b. n., c. t. a. of ELHANAN BENNER.

*Devise of Personal Property—Rule in Shelley's Case.*

The testator directed his real estate to be sold and the income of six hundred dollars to be paid annually to the plaintiff during her natural life and at her death the principal sum to be paid to her heir or heirs in equal proportions. *Held* that the plaintiff was entitled to the income only and not to the principal.

The rule in Shelley's Case has no applicability in the disposition of personal property.

(*New Castle, September, 1885.*)

CASE STATED for the opinion of the court. The facts of the case will appear from the argument of the counsel.

*Ignatius C. Grubb,* for the plaintiff:

The testator in this case, after directing his house should be sold after the arrival of his son at the age of twenty-one years, said, "The proceeds thereof shall be divided as follows, to wit.: "Item. To my daughter Melissa Ann Boers, intermarried with J. Augustus Boers, the income of six hundred dollars annually during her natural life and at her death the principal sum to her heir or heirs in equal proportion." This gift is a bequest of per-

sonal property, as the law is well settled that where a sale of real estate is ordered by the testator, though in the future, after an intermediate estate, the direction works a conversion. *Bright's Appeal*, 12 Weekly Notes of Cases, 403; *Sharpley v. Townsend*, 4 Harr., 336; Estate of Stevenson, 2 Del. Ch., 197. A gift of the income of a fund is a gift of the fund itself. *Van Rensselaer v. Dunkin's Ex.*, 24 Pa. St., 252; *Butterfield v. Butterfield*, 1 Vesey, Sr., 153; *Train's Exs. v. Fisher*, 15 S. & R., 145; *Parke's Appeal*, 61 Pa. St., 478; *Stevens v. Gornett*, 3 Simmons, 398; *Mannax v. Green*, 4 R. 14 Eq., 456; *Gulick's Exs. v. Gulick*, 25 N. J., Eq., 324; Feare, 464. We have, therefore, in effect a gift of the six hundred dollars to our client for life with remainder to her heir or heirs in equal proportion. Where personal estate is limited directly to or by way of executed trust for a person for life, remainder to or for the heirs of his body, and such limitation would according to the rules laid down in the twelfth chapter of the Rule in Shelly's Case created an estate tail in the first taker or ancester if the subject were real property; the entire interest in the whole vests in him, even though only the use, interest, dividends, or profits are devised to him and the chattels themselves to the heirs of his body. *Smith on Executory Interest*, § 594, 307; *Dow v. Earl of Chatham*, reported by Fearne., 464; *Broughton v. Langley*, 2 Lord Raymond; *Garth v. Baldwin*, 2 Vesey, Sr., 646; *Thubridge v. Kilburn*, 2 Vesey, Sr., 232; *Elton v. Eason*, 19 Vesey, Jr., 73. A gift of the income of personal property for life with remainder after the death to the heir or heirs of the body, gives an absolute estate in the first taker; and the fact that the word "heir" is used here can have no effect on this gift as it is like the word "heirs" a *nomen collectivum*. *Martin Lessee v. Roach*, 1 Harr., 477. Nor does the addition of the words "in equal proportions to the gift to the heirs," make any difference, as that is nothing more than an expression of how the heirs are to take as heirs, and has been uniformly ruled to be insufficient to limit the legal effect of the word heirs. *Smith on Executory Interests*, 472–488; *Cresswell's Appeal*, 5 Wright, 290; *Nice's Appeal*, 14 Wright, 149; *Physick's Appeal*, 14 Wright, 128; *Curtis v. Longstreth*, 8 Wright, 297; *Steiner v. Kalb*, 7 P. F. Smith, 123.

*Benjamin Nields,* for the defendant:

The executor, by the will, was made trustee for the following purposes. 1. To rent the house and lot of ground, from the death of the testator, until the son, William E. Benner, should arrive at the age of twenty-one years, and pending that time, to expend the proceeds, as in said will directed. 2. When the said son should arrive at the age of twenty-one years, to sell the house and lot of ground, and pay all expenses attending the sale and settlement of that part of testator's estate. 3. To divide (pay) to Melissa Ann Boers, the income of six hundred dollars,' annually, during her natural life, and at her death the principal sum to heir or heirs in equal proportions. To divide the income of six hundred dollars " annually during her natural life," can have no other meaning than pay the income of six hundred dollars annually during her natural life, and this payment could be made by no other person than the executor, who was the trustee appointed under the will for that purpose, and it is necessary that he should receive the income before he can (divide) pay it over, annually, to the beneficiary. The purposes of the trust, therefore, require that the six hundred dollars should remain in the hands of the trustee during the natural life of Melissa Ann Boers. The trust is an active trust and continues active during the life of Melissa Ann. A devise of real estate to a trustee, in trust, to pay the rents and profits to "A" vests the legal estate in the trustee. *Hawkins on Will,* 140. Where an estate is limited to trustees and the words used are "in trust to pay to" a specified person the rents and profits of the land, then the trustees take the legal estate because they must receive before they can make the required payments; but where the words are " in trust to permit and suffer A. B. to takes the rents and profits" then the use is divested out of them and executed in the party; the purposes of the trust not requiring that the legal estate should remain in them. *Barker v. Greenwook,* 4 M. & W., 429. The testator in this case directed his executor to sell his house and lot of ground, and the proceeds thereof to be divided, etc.; he therefore ordered his real estate to be converted into personalty, and as personalty to pass from his executors to the persons named in the will. A bequest of the income of personal estate, without limit as

to time, is equivalent to a gift of the principal. *Hawkins on Wills,* **123.** " A gift for life of a chattel is a gift of the use only, and the remainder over is good as an executory devise. This limitation over in remainder is good as to every species of chattels of a durable nature; and there is no difference in this respect between money and any other chattel interest. *Corenhoen v. Shuler 2,* 122. The bequest of the use of a residue for life, or any shorter period, does not give the legatee the right to the possession of the fund in the meantime, and that the executor should either retain the fund and pay over the income thereof to the legatee, as it accrues; or he should take ample security for the return of the principal at the termination of the particular estate therein, if he suffers it to go into the hands of the legatees." *Clark v. Clark,* 8 Paige, 152; *Cairns v. Chanbert,* 9 Paige, 163; *Ackerman v. Vreeland,* 1 McCarter (N. J.), 23, 27, 28; *Morgan v. Morgan,* 14 Beav., 72; *Crowe v. Gisford,* 17 Beav., 507; *Jebt v. Tugwell,* 20 Beav., 84; *Hood v. Clapham,* 19 Beav., 90; *Marshall v. Brenner.* 2 Im. & Giff., 237; *Patterson v. Deolin,* 1 M. Mullan (S. C.) 459. In no case has the court ever held that where a bequest is given to trustees to pay the income of personal estate to A. for life, and at his death to pay the principal sum to his heirs, that A is entitled to the bequest absolutely. *Smith v. Butcher,* 10 Chancery Division Law Reports, 113, decided in 1878. *Low v. Smith,* 2 Jurist N. S., 344; *Bently v. Kauffman,* 86 Pa., 99. In the interpretration of a will, in order to gather the testators intention, the words *income* and *interest* as contra-distinguished from the corpus or principal and enjoyment for life only have an important bearing. Earp's Appeal, 25, P. T. Smith, 119; Ozden's Appeal, 20 Id. 501. When the intent clearly appears to carry the corpus or principal over to others the words of the will must be permitted to have their proper force. Here the bequest of the interest only for life, connected with the provision immediately following is inconsistent with an intent to confer the principal absolutely." In the case at issue, it is clear that it was not the intention of the testator that Melissa Ann Boers should have the corpus or principal, but only the income thereof, annually, during her natural life, and at her death then the corpus or principal to go to her heirs in equal proportions. Here the executor is made the legal holder of the fund.

Melissa Ann has a life interest in the income; that is all the testator gave her, all that he intended to give her, and her heir or heirs at law take the remainder in equal proportions as personæ designatæ.

*Anderson*, for the plaintiff:

The executor is not a trustee at all; he is first, executor; secondly, guardian of the minor, and so expressly called in the will, and at the termination of his guardianship he finishes his duties as executor by selling the real estate. The duty is not even put upon him of distributing the proceeds, much less of holding the legal title to it, or investing it in such securities that he might deem best, and paying over the income to the plaintiff. On the contrary the will reads: "And the proceeds thereof (the sale), after deducting sufficient to pay all expenses attending the sale and settlement of this part of my estate shall be divided as follows, to wit. : " Item. To my daughter, Melissa Ann Boers, intermarried with J. Augustus Boers, the income, etc." Could there possibly be a more direct gift without the intervention of a ·trustee? The right to this fund vested in the plaintiff immediately at the sale. There is not a word about a trustee, or investment by one; there is no duty put upon the executor except such as every executor has who is directed to sell property, and the case is as clearly and as squarely within the rule laid down by *Smith on Executory Interest* as it is possible for a cause to be. The language used in *Barker v. Greenwook*, *Hawkins on Wills*, and in *Kent's Commentaries* has, and the numerous cases cited in relation to the bequest of a use for life have no application to this case, as they relate to a devise in trust, while there is no such devise here. *Parker's Appeal*, 61 Pa. St., 478, cited by us, is, however, directly in point. The defendant further states in his argument: " In no case has the court ever held that where a bequest is given to trustees to pay the income of personal estate to A. for life, and at his death to pay the principle sum to his heirs, that A. is entitled to the bequest absolutely.". This may be true where the estate is so given to trustees that the first taker has an equitable interest and the remainder is legal; for there is a difference in the character of the estates that prevents them

being joined; but it is certainly not true when, as in this case both the estates are legal and there is no trustee with any duties to perform.

The defendant's argument in this case seems to be based wholly on the supposition that words of this will have created an active trust in the executor, and the plaintiff has an equitable not a legal right to this fund, there is not a word in the will to sustain such a conclusion.

COMEGYS, C. J.: The testator, who was the owner of the house and lot 915 Market street, Wilmington, by his will, which is part of the record, after directing the property to be rented by his executor and the proceeds to be annually applied, first, to keeping the property in order, and the balance, or the whole, as the case might be, appropriated by the guardian of his son, William E. Benner, to clothing and educating him during his minority, devised, in substance, that when his son came of age, the property should be sold by his executor and the proceeds, after expense of sale, etc., be divided thus—"to my daughter, Melissa Ann Boers, intermarried with J. Augustus Boers, the income of six hundred dollars annually during her natural life, and at her death the principal sum to her heir or heirs in equal proportions, etc.

It will be observed at once in reading the will, as recited in the case, that this devise is different in language from that used in disposing of the residue of the fund arising from the sale. In the case of Caroline Sheeler, there is no bequest of the income of the principal mentioned in the devise with respect to her, but the bequest is to her and her heirs—clear words of fee-simple. So in the disposition of the balance in favor of the son, the direction is that it is to be "invested in real estate or paid over to him if required." Then comes these words—"this balance or remaining sum I give and bequeath to him and his heirs."

In view of this, I am unable to see how the conclusion can be avoided that the testator only meant to give his daughter Melissa the income of six hundred dollars of the proceeds during her lifetime, and the principal at her death to others, who were to take independent of her. Such intention seems perfectly manifest. What is there then in the way of the court deciding accordingly? The

plaintiff says—the rule in Shelley's case; a rule which has done more to produce litigation, and (when sustained) thwart the actual purpose of a testator than all the other arbitrary rules combined. While it remains a rule of law and of property this court must abide by it; but where in the construction of a will it is not clearly and indisputably applicable, no countenance should be given to it.

It is certainly true that if the devise in this case were of the land itself, the plaintiff would take a fee simple; it would then be to her for life, and after her death to her heirs, which, by the rule referred to would operate a fee simple. But this is not a devise of the land, for it is ordered to be sold on the attainment by the son of his majority, and the proceeds divided and disposed of as directed by the will.

Although it is true, that where real estate is directed to be sold and the proceeds paid to certain beneficiaries, they may take the land itself in lieu of such proceeds, and thus become seized of the legal estate, and entitled to possession, yet until that be done, they cannot be said to have title to the property except in the sense of keeping it from becoming abeyant, if they be heirs at law. The direction by the testator to sell the property, and sale made accordingly (as in this case) is a conversion of it, and the proceeds become personalty, for the purposes mentioned, as if they had always been such. The case of *Sharply and wife v. Townsend's Exr.*, 4 Harrington, 336, shows this. When the sale took place, then the proceeds became personalty in the hands of the executor for the specific purpose declared by the testator. This much is plain; in fact there does not seem to be any contention between the parties about it.

The claim of the plaintiff rests wholly upon the rule in Shelly's case. I have already said in effect that if the subject of the action were land, and not personal estate, she would be entitled to it in fee simple according to that rule. But it is not land, but money.

The learned counsel for the plaintiff, in support of their contention, have referred to us a number of cases; but all of them except those in Pennsylvania, simply sustain an ancient rule that personalty cannot be entailed, and that the tenant for life takes the absolute interest; the rule in Shelly's case has nothing to do with them. The citations from the Pennsylvania Reports

appear to be all of them, cases of real estate, as to the application of the rule to which there can be no mistake.

No case has been cited by the plaintiff's counsel where it has ever been held that the rule in Shelley's case applies to personalty; and we have the emphatic language to the contrary, if it were needed, of a lately deceased Master of the Rolls, Sir George Jessel, one of the greatest lawyers of this century, pronounced in 1878 in the case of *Smith v. Butcher*, L. R. Chan. Div., 10, where the testator had desired the rest of his personal property, of debts due him, money in the funds or otherwise, for the sale of his furniture, books, or from any other source, should be placed in the public funds, "and the interest arising therefrom to be equally divided among the children of my brother during their lives, and on the decease of either of them, his or her share of the principal, to go to his or her lawful heir or heirs." He said, after discussing the question, *in his manner*, "I hold that the testator has used expressions which mean that the right heirs of the children are to take, and I so decide."

I am of opinion that, in the case before us, the plaintiff is not entitled to the sum of six hundred dollars mentioned in the bequest concerning her, but only its income for her life.